929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony LAMB, Plaintiff-Appellant,
v.
Dewey SOWDERS, Julie Westerfield, Karen Smors, Rebecca
Lawson, Defendants-Appellees.
 No. 90-6548.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 E.D.Ky, No. 90-00453; Ferester, J.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 4
 Tony Lamb, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Lamb, an inmate at the Kentucky State Penitentiary, was found guilty by a prison adjustment committee of assault on an employee or non-inmate. He was sentenced to ninety days disciplinary segregation and loss of one year non-restorable good time credits. Seeking monetary, declaratory and injunctive relief, Lamb sued these state prison officials in their individual and official capacities. Lamb alleged that the adjustment committee violated his due process rights when they improperly found him guilty of the charged offense, and that defendant Sowders improperly affirmed the decision of the adjustment committee.
 
 
 6
 The magistrate recommended the complaint be dismissed without prejudice, finding that Lamb's claim for injunctive relief was barred by the eleventh amendment. The magistrate also found that because Lamb challenged a disciplinary proceeding which resulted in a loss of good time credits, his sole federal remedy was a writ of habeas corpus with its attendant requirement that state remedies be exhausted. Upon de novo review, the district court adopted the magistrate's recommendation and dismissed the complaint.
 
 
 7
 On appeal, Lamb reasserts his claims and has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 8
 Upon review, we affirm the district court's judgment for reasons other than those stated by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). The district court should not have dismissed the suit for failure to exhaust state remedies because the adjustment committee imposed sanctions other than the loss of good time credits, i.e. disciplinary segregation. See Viens v. Daniels, 871 F.2d 1328, 1334 (7th Cir.1989). The judgment can nonetheless be affirmed as the complaint was subject to dismissal under Fed.R.Civ.P. 12(b)(6) because the plaintiff could not prove any set of facts in support of his claim that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). A review of the record shows that there was sufficient evidence to sustain the committee's decision to impose sanctions. The committee chose to believe the reporting officer's version of the offense. The officer stated that Lamb grabbed his hand while taking away a garter that he had confiscated. Thus, there is some evidence in the record to support the committee's conclusion which is satisfactory under the due process clause. See Superintendent v. Hill, 472 U.S. 445, 454 (1985).
 
 
 9
 Accordingly, the district court's judgment, as herein modified to be with prejudice, is hereby affirmed for the foregoing reasons pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation